IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CONRAD B. FLORES,

    Plaintiff,

vs.                                                              Civ. No. 96-1689 M\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Motion for an Order Authorizing Attorney's Fees, filed on October 13, 1998. The Court having considered the pleadings, the memoranda submitted by the parties and the applicable law, proposes finding that the Motion is well-taken in part and recommends that it be granted in part.

For a 25% contingency fee, Plaintiff's counsel undertook representing Plaintiff after the Social Security administration denied his claim for disability benefits. Counsel was successful in convincing the District Court to remand the case to the Social Security Administration, for which he received a fee of $2,446.12 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2412(d). At the agency level, counsel was successful in obtaining an award of $39,903.00 in back benefits. The Commissioner withheld 25% of that amount, $9,975.75, for attorney's fees. Counsel received $4,000 of that amount for his work before the Social Security Administration, pursuant to 42 U.S.C. Sec. 406A(2)(A). Counsel now wishes to give the EAJA award, minus his

unreimbursed costs, to the Plaintiff and seeks an additional $5,000.00 of the withheld moneys, approximating the 25% contingency fee, pursuant to 42 U.S.C. Sec. 406(b)(1). He also requests that the remaining $975.00 be returned to the Plaintiff.

The Commissioner contends that the Plaintiff's counsel should receive only $2,917.50 instead of $5,000.00, the smaller amount representing the 19.45 hours of work counsel performed, at a rate of $150.00 per hour. The Commissioner contends that Plaintiff's counsel should keep this larger award, and return the $2,446.12 EAJA award to the Plaintiff. The Commissioner would then refund the remaining $7,068.25 to the Plaintiff.

**Proposed Findings**

The parties' arguments in this case mirror the split among the courts which have addressed the issue. Some courts hold that the 25% contingency fee is presumptively reasonable, and should accordingly be upheld unless evidence is produced that it is unreasonable, *see e.g. Hayes v Callahan*, 973 F.Supp. 1290, 1292 (D. Kan. 1997). Other courts compute fees on an hourly basis times the standard per hour rate charged in the community for such representation, unless evidence is provided that the services provided were superior to what a person would normally have received for that rate. *See, e.g. Hubbard v Shalala*, 12 F.3d 946, 948 (10th Cir. 1993). This Court is bound by the Tenth Circuit's decision in *Hubbard;* accordingly, Plaintiff's counsel has the burden of showing why the services he rendered *in this case* were superior to what Plaintiff would have received for the standard rate charged for similar cases in the community.

Plaintiff's Counsel has not discharged this burden. In his affidavit, counsel fails to set out the customary per hour rate charged in the community for social security cases; the only mention he makes of fees is in his reply brief, where he states that he has never before moved for a

2

contingency fee award which worked out to the equivalent of more than $185.00 per hour. The Commissioner contends, without citing evidence, that a reasonable per hour rate for Social Security cases is $150.00. Noting that the Court in *Hubbard* found that $150.00 per hour was a reasonable rate, the Court proposes finding it so in this case.

In addition, Plaintiff's counsel never explains why, in this case, the services he provided were superior to what a client would typically receive for the prevailing rate. As he candidly pointed out that the issues in this case were not difficult or novel, there is no basis in the record for determining that the Plaintiff received superior representation in this case than he had a right to expect for $150.00 per hour.[1]

**Recommended Disposition**

As the Commissioner concedes that Plaintiff's counsel is entitled to $2,917.50 under the loadstar computational method adopted in this circuit, and as Plaintiff has not met his burden of establishing that he is entitled to an enhancement of the $150.00 per hour rate, I recommend that his Motion for an Order Authorizing Attorney Fees be granted for the amount conceded by the Defendant. I further recommend that Plaintiff's counsel return the $2,446.12 EAJA award, minus his costs, to the Plaintiff, and that the Commissioner refund to the Plaintiff the remaining $7,068.25 of the benefits originally withheld.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and

---

[1] Plaintiff's counsel's main contention in support of an enhanced hourly rate is that Social Security cases are generally more difficult to win than they were a few years ago, which makes specializing in their prosecution less profitable. Although this is a reasonable argument for raising fees generally, it does not meet the *Hubbard* criteria for enhancing fees in an individual case.

recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE